Earnest COBBS, Jr., and Walter James McMullen, Petitioners,

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17205.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Earnest Cobbs, Jr. and Walter James McMullen, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an appeal from the denial of post conviction relief in the District Court of Tulsa County, Case No. CRF–69–2159, wherein the trial court, after reviewing the records, made findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and adopted by this Court and appended hereto.

For the reasons therein stated, the trial court's denial of post conviction relief is affirmed, and Petitioners are advised that they have now exhausted all of their state remedies.

SIMMS, J., concurs.

BRETT, J., concurs in result.

## APPENDIX

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

The State of Oklahoma
      Plaintiff,
  –vs–
Walter James McMullen
Earnest Cobbs, Jr.,
      Defendants.

No. CRF–69–2159

### ORDER DENYING POST-CONVICTION RELIEF

This matter comes on for hearing on the joint application of Walter James Mc-Mullen and Earnest Cobbs, Jr., for Post-Conviction Relief, and the response thereto filed by the State.

The Court having read said application and response, and having examined the files in the case and reviewed the transcript of the proceedings had at the time of sentencing and being fully informed in the matter,

Finds:

1. The crime with which the defendants were charged was committed about 3:50 a. m. on Saturday, December 27, 1969. They were brought before a magistrate about 10:00 a.m. the same day and bail was set for their appearance for Tuesday morning. An information charging them with Second Degree Burglary AFCF was filed Monday morning, December 29, 1969. Any delay occasioned in conducting a preliminary was caused (1) by the defendants originally appearing before the Court without counsel, and (2) after they had employed private counsel by his request for a continuance to prepare his defense.

2. The Court further finds that the defendants were afforded a preliminary hearing and were held for trial on the information filed. That on the day their case was set for jury trial, they appeared with coun-

sel, waived trial by jury and each for himself entered a plea of guilty to the charge.

3. That prior to accepting their waiver of jury trial and their entry of their pleas of guilty, they were advised of their constitutional rights by the Court and consulted with their counsel.

4. The Court ascertained by questioning each defendant that he had in fact committed the crime with which he was charged and had been legally convicted prior thereto of the felonies with which each was charged in the information. They were further advised of the minimum and maximum sentence provided by law for the offenses and that the Court was not bound by any recommendation that might be made by the prosecution. Each defendant stated to the Court that he fully understood his constitutional rights, that he was pleading guilty voluntarily because he was in fact guilty. Each defendant stated that he was satisfied with the representation afforded by his counsel and that he had consulted with his counsel prior to waiving jury trial and entering his plea of guilty.

The Court therefore concludes:

1. The defendants and each of them, being represented by Mr. James Goodwin, counsel of their choice, and after consultation with him, voluntarily, knowingly and intelligently waived trial by jury and plead guilty to the information charging each defendant with Second Degree Burglary AFCF. That no promises of any kind or coercion of any nature induced the defendants, or either of them, to waive trial by jury and to enter their pleas of guilty.

2. The Court concludes that their application for post-conviction relief is frivolous, baseless and wholly without merit.

It is therefore ordered and adjudged that the joint application of Walter James McMullen and Earnest Cobbs, Jr. for Post-Conviction Relief be and the same hereby is overruled, and the relief requested be and the same hereby is denied.

Done in open court this 14th day of December, 1971.

s/ R. F. Martin
R. F. MARTIN,
Associate District Judge.